IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JESSE FLOYD EARLS                                               PLAINTIFF

v.                      Civil No. 2:24-cv-02161-TLB-MEF

DEPUTY BRYAN BLYTHE
(Sebastian County Detention Center)                                 DEFENDANT

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983. The case was directly assigned to the undersigned Magistrate Judge pursuant to General Order 2024-02, but not all parties to the action have consented to the jurisdiction of the undersigned. *See* 28 U.S.C. § 636(c). Accordingly, for the purpose of preservice review pursuant to 28 U.S.C. § 1915A(a), the case will automatically be reassigned to United States District Judge Timothy L. Brooks and referred to the undersigned for a report and recommendation pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3).

### I.     BACKGROUND

Plaintiff filed his Complaint on December 27, 2024. (ECF No. 1). Plaintiff is currently incarcerated in the Arkansas Division of Correction, Pine Bluff Unit, but his claims center on his incarceration in the Sebastian County Detention Center ("SCDC"). (*Id*.). Plaintiff indicates he was convicted and serving a sentence during his time in SCDC. (*Id*. at 2). He alleges he was injured at the facility on January 6, 2022. (*Id*. at 4). He states:

> On 1-6-22 while incarcerated at the Sebastian Co. Detention Center, construction was being done while inmates were locked-down. Evening meal was brought and Deputy Blythe negligently opened my door. I stepped out and a steel motor cover fell on my head. Deputy Blythe negligently opened my cell door during construction being conducted and stated 'One person go down and pick up the trays.' A steel motor cover approx. 200lbs above the cell door fell on my head knocking me unconscious. Giving me a concussion, cartilage damage to my neck

1

and smashing my big toe. I was then negligently walked half conscious and without a neck brace down the stairs and taken to Mercy Hospital.[1]

(*Id*. at 4-5).

In the section of the Complaint form where the Plaintiff is asked to indicate what capacity he is suing Defendant in, Plaintiff failed to check any of the options. (ECF No. 1 at 5). In the section of the Complaint form where he is asked to state facts in support of his official capacity claim, however, Plaintiff cites the "overall lack of care and concern for the safety of inmates at Sebastian County Detention Center as well as the terrible conditions of the jail, including BB pod cell 9A where I was injured." (*Id*.).

Plaintiff also failed to check any of the boxes on the Complaint form concerning the type of relief sought. (ECF No. 1 at 9). He states, however, he would like $250,000 for his physical injuries as well as pain and suffering. (*Id*.). He also asks the Court to award him $250,000 in punitive damages "so the County will take matters like this seriously…." (*Id*.). Finally, he asks for the cost of all past and future medical care arising from this incident. (*Id*.).

## II.     LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

---

[1] Plaintiff raised a similar claim about the same incident against a Sebastian County maintenance worker in *Earls v. Davis*, Case No. 2:22-cv-02166. The case was dismissed with prejudice because Plaintiff failed to file a summary judgment response or separate statement of disputed facts that complied with the Court's order and the Local Rules of Civil Procedure, and because Plaintiff failed to keep the Court apprised of his current address. (Case No. 2:22-cv-02166, ECF No. 28). In that case, however, Plaintiff states the motor cover fell on him on January 26, 2022. As Plaintiff does not allege in either case that a 200-pound motor cover fell on him twice, the Court will infer that Plaintiff is referring to the same incident. (Case No. 2:22-cv-02166. ECF No. 8 at 4).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). The complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.   ANALYSIS

Under Section 1983, a defendant may be sued either in his individual capacity, or in his official capacity, or in both. In *Gorman v. Bartch*, 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit Court of Appeals discussed the distinction between individual and official capacity suits. As explained by the Court in *Gorman*:

> "Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo*, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of

3

> immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24-27, 112 S.Ct. at 361-62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25-27, 112 S.Ct. at 362."

152 F.3d at 914.

Plaintiff fails to allege sufficient facts to support any plausible individual or official capacity claims in this action. Regarding the individual capacity claim, mere negligence does not rise to the level of a constitutional violation. *See Stearns v. Inmate Services Corp.*, 957 F.3d 902, 908, n. 5 (8th Cir. 2020) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) ("liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process."); *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (Mere negligence … [is] insufficient to rise to a constitutional violation."). Here, Plaintiff alleges only that Defendant Blythe negligently opened the cell door, and negligently told the inmates in the cell that one of them should step through the door to pick up their evening meal trays. Plaintiff does not allege that Defendant Blythe had any specific prior knowledge concerning the motor cover. Instead, he alleges only that there was construction being done in the facility. This is insufficient to support an individual capacity claim under § 1983.

Nor does Plaintiff allege any facts sufficient to support an official capacity claim under § 1983. He does not identify any policy of the County which injured him. Further, a single incident cannot support an official capacity claim based on facility custom. *See Johnson v. Douglas County Med. Dept.*, 725 F.3d 825, 828 (8th Cir. 2013) ("multiple incidents involving a single plaintiff could establish a 'custom' if some evidence indicates that the incidents occurred over a course of time sufficiently long to permit notice of, and then deliberate indifference to or tacit authorization of, the conduct by policymaking officials.").

Even a *pro se* Plaintiff must still allege specific facts sufficient to support a plausible claim. *Martin*, 780 F.2d at 1337.  Plaintiff has failed to do so.

### IV.   CONCLUSION

For these reasons, it is RECOMMENDED that: (1) the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; (2) Plaintiff/Petitioner is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g), and thus, the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and (3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

<u>Referral Status</u>: This case should not remain referred because all matters have been recommended for dismissal in this Report and Recommendation.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 17th day of March 2025.

/s/ *Mark E. Ford*
_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE